UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

|   |   |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, CENTER FOR ENVIRONMENTAL HEALTH, ENVIRONMENTAL INTEGRITY PROJECT, and WILDEARTH GUARDIANS,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL S. REGAN, in his official capacity as the Administrator of the United States Environmental Protection Agency,<br><br>Defendant. | Case No. 3:22-cv-01855-WHO<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT** |

Before the Court is Plaintiffs' Motion for Summary Judgment (Motion). [Dkt. No. __]. The Court having considered the Motion; the opposition of Defendant Michael S. Regan, in his official capacity as Administrator of the United States Environmental Protection Agency (EPA), [Dkt. No. __]; Plaintiffs' reply in support of the Motion, [Dkt. No. __], and the parties' oral arguments on the Motion, finds and concludes the following:

The Motion addresses Claim One of Plaintiffs' Complaint for Injunctive and Declaratory Relief, [Dkt. No. 1]. The parties agree that the portions of Claim One pertaining to the Chicago-Naperville, Illinois-Indiana-Wisconsin nonattainment area are moot. These portions of Claim One are dismissed.

The Court concludes that EPA has violated the Clean Air Act mandatory duties set out in Claim One with regard to the following serious nonattainment areas for the 2008 ozone national ambient air quality standard: Dallas-Fort Worth, Texas; Greater Connecticut, Connecticut; Houston-Galveston-Brazoria, Texas; Nevada County (western part), California; New York-North New Jersey-Long Island, New York-New Jersey-Connecticut; Ventura County, California; and Denver-Boulder-Greeley-Ft. Collins-Loveland, Colorado. These serious nonattainment areas had an attainment date of July 20, 2021. 84 Fed. Reg. 44,238, 44,241 (Aug. 23, 2019). EPA has a mandatory duty to determine within six months of the attainment date, that is by January 20, 2022, whether these areas attained the 2008 ozone national ambient air quality standard by their attainment date and publish notice of that determination in the Federal Register. 42 U.S.C. §§ 7509(c)(1), (2) and 7511(b)(2)(A), (B). There is no dispute that EPA has not made these determinations and thus has not published these determinations in the Federal Register. Liability is established and summary judgment shall be entered for Plaintiffs as to these non-moot claims.

The only issue left for the Court to decide is the appropriate remedy, that is, how long EPA should be permitted to take to complete these mandatory duties for which the deadline has already passed.

The Court concludes that EPA shall have 30 days from the date of this order to sign a notice making final determinations as to whether the Dallas-Fort Worth, Texas; Greater Connecticut, Connecticut; Houston-Galveston-Brazoria, Texas; New York-North New Jersey-Long Island, New York-New Jersey-Connecticut; and Denver-Boulder-Greeley-Ft. Collins-Loveland, Colorado nonattainment areas attained the 2008 ozone national ambient air quality standard by their July 20, 2021 attainment date pursuant to 42 U.S.C. §§ 7509(c) and 7511(b)(2).

No later than 90 days after the date of this order, EPA shall sign a notice making final determinations as to whether the Nevada County (western part), California and Ventura County, California nonattainment areas attained the 2008 ozone national ambient air quality standard by the July 20, 2021 attainment date. EPA shall forward each of the signed notices to the Office of the Federal Register within three business days of signature.

The Court finds that such a schedule is appropriate because EPA's failure to make final determinations regarding attainment status by the deadline extends the amount of time that residents of these areas will suffer from the serious public health and welfare consequences of unhealthy air quality. Such adverse impacts include decreased lung function, aggravation of asthma, increased visits to doctors' offices and emergency rooms, increased school and work absences, and long-term lung damage that can lead to reduced quality of life and even death. Further, this Court's precedent supports the respective 30-day and 90-day deadlines. Balanced against the fact that making these final determinations is a relatively simple task, EPA has already performed much of the work necessary to finalize the determinations, and EPA has a long history of illegal delays, the 30-day and 90-day deadlines are entirely appropriate. EPA failed to meet its heavy burden of demonstrating that abiding by this schedule is impossible.

Therefore, it is **DECLARED** and **ORDERED** that:

1. The portions of Claim One that pertain to the Chicago-Naperville, Illinois-Indiana-Wisconsin nonattainment area are **DISMISSED**.

2. Defendant Michael S. Regan, in his official capacity as Administrator of the Environmental Protection Agency, is in violation of the remaining mandatory duties set forth above.

3. Plaintiffs' motion for summary judgment on the cause of action in the complaint is hereby **GRANTED**.

It is **FURTHER ORDERED** that Defendant shall:

4. Sign a notice within 30 days of the date of this order making final determinations as to whether each of the following serious nonattainment areas attained the 2008 ozone national ambient air quality standard by their July 20, 2021 attainment date: Dallas-Fort Worth, Texas; Greater Connecticut, Connecticut; Houston-Galveston-Brazoria, Texas; New York-North New Jersey-Long Island, New York-New Jersey-Connecticut; and Denver-Boulder-Greeley-Ft. Collins-Loveland, Colorado.

5. Sign a notice within 90 days of the date of this order making final determinations as to whether the Nevada County (western part), California and Ventura County, California serious nonattainment areas attained the 2008 ozone national ambient air quality standard by their July 20, 2021 attainment date.

6. Forward within three working days of signature the signed notices required by paragraphs 4 and 5 to the Office of the Federal Register for review and publication.

**IT IS SO ORDERED.**

Dated: _____

_____
HON. WILLIAM H. ORRICK
United States District Judge

[Proposed] Order Granting Plaintiffs' Motion for Summary Judgment
Case No. 3:22-cv-01855-WHO                                                                  4