JEFFREY HUGHES (N.Y. Bar No. 5367214)
U.S. Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
Tel: (202) 532-3080
Fax: (202) 514-8865
Email: jeffrey.hughes@usdoj.gov

*Attorney for Defendant Michael S. Regan,*
*in his official capacity as Administrator*
*of the United States Environmental Protection Agency*

## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

CENTER FOR BIOLOGICAL DIVERSITY, et al.,

         Plaintiffs,

    v.

MICHAEL S. REGAN, in his official capacity as Administrator, United States Environmental Protection Agency,

         Defendant.

Case No. 3:22-cv-01855-WHO

**JOINT MOTION TO ENTER CONSENT DECREE**

Plaintiffs Center for Biological Diversity, Center for Environmental Health, Environmental Integrity Project, and WildEarth Guardians ("Plaintiffs") and Defendant Michael S. Regan, in his official capacity as the Administrator of the United States Environmental Protection Agency ("EPA" or "Defendant," and together with Plaintiffs, the "Parties") hereby jointly move the Court to enter the attached Consent Decree (attached as Exhibit A). In support of this motion, the Parties state as follows:

### BACKGROUND

1.      On May 21, 2012, EPA issued a final rule establishing initial air quality designations pursuant to 42 U.S.C. § 7407(d) for the 2008 primary and secondary national ambient air quality standards ("NAAQS") for ozone (the "2008 Ozone NAAQS") and determined that, among other areas, Chicago-Naperville, Illinois-Indiana-Wisconsin; Dallas-Fort Worth, Texas; Greater Connecticut, Connecticut; Houston-Galveston-Brazoria, Texas; Nevada County (Western part), California; New

York-North New Jersey-Long Island, New York-New Jersey-Connecticut; Ventura County, California; and Denver-Boulder-Greeley-Ft. Collins-Loveland, Colorado were not in attainment with the 2008 Ozone NAAQS. *See* Air Quality Designations for the 2008 Ozone National Ambient Air Quality Standards, 77 Fed. Reg. 30088 (May 21, 2012).

2.     In the same rulemaking, EPA designated and classified Ventura County, California as Serious nonattainment, effective July 20, 2012, *see id.* at 30109, and subsequently designated and classified the remaining counties identified in Paragraph 1 as Serious nonattainment, *see* Determinations of Attainment by the Attainment Date, Extensions of the Attainment Date, and Reclassification of Several Areas Classified as Moderate for the 2008 Ozone National Ambient Air Quality Standards, 84 Fed. Reg. 44238, 44244 (Aug. 23, 2019).

3.     On March 6, 2015, EPA issued a rule establishing the attainment date for areas designated Serious nonattainment as nine years from the effective date those areas were designated nonattainment under the 2008 Ozone NAAQS, *see* Implementation of the 2008 National Ambient Air Quality Standards for Ozone: State Implementation Plan Requirements, 80 Fed. Reg. 12264, 12268 (Mar. 6, 2015), here, July 20, 2021, *see* Determinations of Attainment by Attainment Date, Extension of Attainment Date, and Reclassification of Areas Classified as Serious for the 2008 Ozone National Ambient Air Quality Standards, 87 Fed. Reg. 21825, 21828 (Apr. 13, 2022) ("The attainment date[] for Serious . . . nonattainment areas [is] 9 years . . . from the effective date of the final designation, July 20, 2012.").

4.     42 U.S.C. § 7509(c)(1) provides that "not later than 6 months after [the attainment] date, the Administrator shall determine, based on the area's air quality as of the attainment date, whether the area attained the standard by that date." *See also* 42 U.S.C. § 7511(b)(2)(A).

5.     42 U.S.C. § 7509(c)(2) provides that "[u]pon making the determination under [42 U.S.C. § 7509(c)(1)], the Administrator shall publish a notice in the Federal Register containing such determination and identifying each area that the Administrator has determined to have failed to attain." *See also* 42 U.S.C. § 7511(b)(2)(B).

6.     EPA did not make or publish a final determination as to whether Chicago-Naperville, Illinois-Indiana-Wisconsin; Dallas-Fort Worth, Texas; Greater Connecticut, Connecticut; Houston-Galveston-Brazoria, Texas; Nevada County (Western part), California; New York-North New Jersey-

Long Island, New York-New Jersey-Connecticut; Ventura County, California; and Denver-Boulder-Greeley-Ft. Collins-Loveland, Colorado had attained the 2008 Ozone NAAQS by January 20, 2022.

**PLAINTIFFS' CLAIMS AND THE CONSENT DECREE**

7.      On March 24, 2022, Plaintiffs filed the above-captioned matter against EPA. (Dkt. No. 1) ("Compl.") The Complaint alleges that EPA did not determine by January 20, 2022 whether Chicago-Naperville, Illinois-Indiana-Wisconsin; Dallas-Fort Worth, Texas; Greater Connecticut, Connecticut; Houston-Galveston-Brazoria, Texas; Nevada County (Western part), California; New York-North New Jersey-Long Island, New York-New Jersey-Connecticut; Ventura County, California; and Denver-Boulder-Greeley-Ft. Collins-Loveland, Colorado had attained the 2008 Ozone NAAQS by the attainment date.

8.      After the initiation of this action, EPA published final rules in the Federal Register redesignating Chicago-Naperville, Illinois-Indiana-Wisconsin to Attainment of the 2008 Ozone NAAQS. *See* Air Plan Approval; Wisconsin; Redesignation of the Wisconsin Portion of the Chicago-Naperville, Illinois-Indiana-Wisconsin Area to Attainment of the 2008 Ozone Standard, 87 Fed. Reg. 21027 (April 11, 2022); Air Plan Approval; Illinois; Redesignation of the Illinois Portion of the Chicago-Naperville, Illinois-Indiana-Wisconsin Area to Attainment of the 2008 Ozone Standard, 87 Fed. Reg. 30828 (May 20, 2022); Air Plan Approval; Indiana; Redesignation of the Indiana Portion of the Chicago-Naperville Area to Attainment of the 2008 Ozone Standard, NOₓ RACT Waiver, and Serious Plan Elements, 87 Fed. Reg. 30821 (May 20, 2022). These actions rendered Plaintiffs' claim as to these areas moot.

9.      The Parties reached agreement on a proposed Consent Decree in July 2022. The proposed Consent Decree provides that the appropriate EPA official will:

a.      By September 15, 2022, sign a notice of final rulemaking determining whether Dallas-Fort Worth, Texas; Greater Connecticut, Connecticut; Houston-Galveston-Brazoria, Texas; New York-North New Jersey-Long Island, New York-New Jersey-Connecticut; and Denver-Boulder-Greeley-Ft. Collins-Loveland, Colorado attained the 2008 Ozone NAAQS by July 20, 2021; and

3

b.      By December 16, 2022, sign a notice of final rulemaking determining whether Nevada County (Western part), California and Ventura County, California attained the 2008 Ozone NAAQS by July 20, 2021.

10.      Pursuant to § 113(g) of the Clean Air Act, EPA published a notice of the Proposed Consent Decree in the Federal Register on July 27, 2022. Proposed Consent Decree, Clean Air Act Citizen Suit, 87 Fed. Reg. 45104 (July 27, 2022).

11.      The notice and comment process is now complete. EPA received no substantive comments opposing the proposed consent decree and is unaware of any facts or considerations that indicate that the Department of Justice or EPA should consider withholding consent.

12.      The Parties jointly request that the Court enter the proposed Consent Decree.

13.      Through the Consent Decree, EPA and Plaintiffs indicate their agreement that the Consent Decree is fair, reasonable, and in the public interest. The Court should therefore enter the attached Consent Decree.

WHEREFORE, the Parties respectfully move the Court to enter the attached Consent Decree.

Date: September 2, 2022                    Respectfully Submitted,


                                           /s/ Ryan Maher
                                           Ryan Maher (*Pro Hac Vice*)
                                           Center for Biological Diversity
                                           1411 K Street NW
                                           Suite 1300
                                           Washington, D.C. 20005
                                           Tel: (781) 325-6303
                                           E-mail: rmaher@biologicaldiversity.org

                                           Robert Ukeiley (*Pro Hac Vice*)
                                           Center for Biological Diversity
                                           1536 Wynkoop Street, Suite 421
                                           Denver, CO 80202
                                           Tel: (720) 496-8568
                                           E-mail: rukeiley@biologicaldiversity.org

                                           Hollin N. Kretzmann
                                           Center for Biological Diversity
                                           1212 Broadway
                                           Suite 800
                                           Oakland, CA 94612

4

1

Tel: (510) 844-7118
Email: hkretzmann@gmail.com

2

*Attorneys for Plaintiffs*

3

4   Date: September 2, 2022

Respectfully Submitted,

5

*/s/ Jeffrey Hughes*

6   JEFFREY HUGHES (N.Y. Bar No. 5367214)
United States Department of Justice

7   Environment & Natural Resources Division
P.O. Box 7611

8   Washington, D.C. 20044
Tel: (202) 532-3080

9   Email: jeffrey.hughes@usdoj.gov

10

11   *Attorney for Defendant*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**ECF ATTESTATION**

In accordance with Civil Local Rule 5-1(h)(3), I, Jeffrey Hughes, attest that I have obtained concurrence in the filing of this document from all other signatories listed here.

/s/ *Jeffrey Hughes*
Jeffrey Hughes
United States Department of Justice

**CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd day of September, 2022, a true and correct copy of the foregoing Joint Motion to Enter Consent Decree was filed electronically with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Jeffrey Hughes*
Jeffrey Hughes
United States Department of Justice

# EXHIBIT A

JEFFREY HUGHES (NY Bar No. 5367214)
U.S. Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
Tel: (202) 532-3080
Email: jeffrey.hughes@usdoj.gov

*Attorney for Defendant Michael S. Regan,*
*in his official capacity as Administrator*
*of the United States Environmental Protection Agency*

ROBERT UKEILEY (*Pro Hac Vice*)
Center for Biological Diversity
1536 Wynkoop St., Ste. 421
Denver, CO 80202
Tel: (720) 496-8568
Email: rukeiley@biologicaldiversity.org

[additional attorneys for Plaintiffs included in signature block]

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL S. REGAN, in his official capacity as the Administrator of the United States Environmental Protection Agency,<br><br>Defendant. | Case No. 3:22-cv-01855-WHO<br><br>**[PROPOSED] CONSENT DECREE** |

WHEREAS, on March 24, 2022, Plaintiffs Center for Biological Diversity, Center for Environmental Health, Environmental Integrity Project, and WildEarth Guardians (collectively, "Plaintiffs") filed the above-captioned matter against Michael S. Regan, in his official capacity as the Administrator of the United States Environmental Protection Agency (hereinafter "EPA" or "Defendant") (Dkt. No. 1) ("Compl.");

WHEREAS, Plaintiffs allege that EPA has failed to undertake certain non-discretionary duties under the Clean Air Act ("CAA"), 42 U.S.C. §§ 7401-7671q, and that such alleged failure is actionable under CAA section 304(a)(2), 42 U.S.C. § 7604(a)(2);

WHEREAS, on May 21, 2012, EPA issued a final rule establishing initial air quality designations pursuant to 42 U.S.C. § 7407(d) for the 2008 primary and secondary national ambient air quality standards ("NAAQS") for ozone (the "2008 Ozone NAAQS") and determined that, among other areas, Chicago-Naperville, Illinois-Indiana-Wisconsin; Dallas-Fort Worth, Texas; Greater Connecticut, Connecticut; Houston-Galveston-Brazoria, Texas; Nevada County (Western part), California; New York-North New Jersey-Long Island, New York-New Jersey-Connecticut; Ventura County, CA; and Denver-Boulder-Greeley-Ft. Collins-Loveland, Colorado were not in attainment with the 2008 Ozone NAAQS. *See* Air Quality Designations for the 2008 Ozone National Ambient Air Quality Standards, 77 Fed. Reg. 30088 (May 21, 2012);

WHEREAS, on May 21, 2012, EPA designated and classified Ventura County, CA as Serious nonattainment, effective July 20, 2012, *see id.* at 30109;

WHEREAS, on March 6, 2015, EPA issued a rule establishing the attainment date for areas designated Serious nonattainment as nine years from the effective date those areas were designated nonattainment under the 2008 Ozone NAAQS, *see* Implementation of the 2008 National Ambient Air Quality Standards for Ozone: State Implementation Plan Requirements,

80 Fed. Reg. 12264, 12268 (Mar. 6, 2015), here, July 20, 2021, *see* Determinations of Attainment by Attainment Date, Extension of Attainment Date, and Reclassification of Areas Classified as Serious for the 2008 Ozone National Ambient Air Quality Standards, 87 Fed. Reg. 21825, 21828 (Apr. 13, 2022) ("The attainment date[] for Serious . . . nonattainment areas [is] 9 years . . . from the effective date of the final designation, July 20, 2012.");

WHEREAS, on August 13, 2019, EPA designated and classified Chicago-Naperville, Illinois-Indiana-Wisconsin; Dallas-Fort Worth, Texas; Greater Connecticut, Connecticut; Houston-Galveston-Brazoria, Texas; Nevada County (Western part), California; New York-North New Jersey-Long Island, New York-New Jersey-Connecticut; and Denver-Boulder-Greeley-Ft. Collins-Loveland, Colorado as Serious nonattainment, effective September 23, 2019, *see* Determinations of Attainment by the Attainment Date, Extensions of the Attainment Date, and Reclassification of Several Areas Classified as Moderate for the 2008 Ozone National Ambient Air Quality Standards, 84 Fed. Reg. 44238, 44244 (Aug. 23, 2019);

WHEREAS, EPA must determine no later than six months after the attainment date whether a nonattainment area has attained the relevant NAAQS by the applicable attainment date, 42 U.S.C. §§ 7509(c)(1), 7511(b)(2)(A);

WHEREAS, EPA must publish a notice in the Federal Register no later than six months after the attainment date identifying each area that did not attain the NAAQS, 42 U.S.C. §§ 7509(c)(2), 7511(b)(2)(B);

WHEREAS, EPA did not make or publish a final determination as to whether Chicago-Naperville, Illinois-Indiana-Wisconsin; Dallas-Fort Worth, Texas; Greater Connecticut, Connecticut; Houston-Galveston-Brazoria, Texas; Nevada County (Western part), California; New York-North New Jersey-Long Island, New York-New Jersey-Connecticut; Ventura

County, CA; and Denver-Boulder-Greeley-Ft. Collins-Loveland, Colorado had attained the 2008 Ozone NAAQS by January 20, 2022;

WHEREAS, EPA published on April 13, 2022 a proposed rule that proposes to determine that Chicago-Naperville, Illinois-Indiana-Wisconsin; Dallas-Fort Worth, Texas; Houston-Galveston-Brazoria, Texas; New York-North New Jersey-Long Island, New York-New Jersey-Connecticut; and Denver-Boulder-Greeley-Ft. Collins-Loveland, Colorado failed to attain the 2008 Ozone NAAQS by July 20, 2021 and that Greater Connecticut, Connecticut attained the 2008 Ozone NAAQS by July 20, 2021, 87 Fed. Reg. 21825 (Apr. 13, 2022);

WHEREAS, this same proposed rule also noted that, for Nevada County (Western part), California and Ventura County, California, the California Air Resources Board had submitted additional information for EPA's consideration that may affect EPA's determination of whether those areas attained the 2008 Ozone NAAQS by the attainment date and that EPA would address these areas in separate actions, *see id.*;

WHEREAS, on April 11, 2022, EPA published a final rule in the *Federal Register* redesignating the Wisconsin portion of the Chicago-Naperville Area to Attainment of the 2008 Ozone NAAQS, Air Plan Approval; Wisconsin; Redesignation of the Wisconsin Portion of the Chicago-Naperville, Illinois-Indiana-Wisconsin Area to Attainment of the 2008 Ozone Standard, 87 Fed. Reg. 21027 (April 11, 2022), rendering Plaintiffs' claim moot as to this area;

WHEREAS, on May 20, 2022, EPA published final rules in the *Federal Register* redesignating the Illinois and Indiana portions of the Chicago-Naperville Area to Attainment of the 2008 Ozone NAAQS, *see* Air Plan Approval; Illinois; Redesignation of the Illinois Portion of the Chicago-Naperville, Illinois-Indiana-Wisconsin Area to Attainment of the 2008 Ozone Standard, 87 Fed. Reg. 30828 (May 20, 2022); Air Plan Approval; Indiana; Redesignation of

the Indiana Portion of the Chicago-Naperville Area to Attainment of the 2008 Ozone Standard, $NO_X$ RACT Waiver, and Serious Plan Elements, 87 Fed. Reg. 30821 (May 20, 2022), rendering Plaintiffs' claim moot as to these areas;

WHEREAS, the relief requested in the Complaint includes, among other things, an order from this Court to establish a date certain by which EPA must fulfill its obligations;

WHEREAS, Plaintiffs and EPA have agreed to a settlement of this action without admission of any issue of fact or law, except as expressly provided herein;

WHEREAS, Plaintiffs and EPA, by entering into this Consent Decree (the "Consent Decree"), do not waive or limit any claim, remedy, or defense, on any grounds, related to any final EPA action;

WHEREAS, Plaintiffs and EPA consider this Consent Decree to be an adequate and equitable resolution of all claims in this matter and therefore wish to effectuate a settlement;

WHEREAS, it is in the interest of the public, Plaintiffs, EPA, and judicial economy to resolve this matter without protracted litigation;

WHEREAS, Plaintiffs and EPA agree that this Court has jurisdiction over the matters resolved in this Consent Decree pursuant to the citizen suit provision in CAA section 304(a)(2), 42 U.S.C. § 7604(a)(2), and that venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391(e) and Civil L.R. 3-2(c)-(d); and

WHEREAS, the Court, by entering this Consent Decree, finds that the Consent Decree is fair, reasonable, in the public interest, and consistent with the CAA;

NOW THEREFORE, before the taking of testimony, without trial or determination of any issues of fact or law, and upon the consent of Plaintiffs and Defendant EPA, it is hereby ordered, adjudged and decreed that:

1. The appropriate EPA official shall:

   a. By September 15, 2022, sign a notice of final rulemaking determining whether Dallas-Fort Worth, Texas; Greater Connecticut, Connecticut; Houston-Galveston-Brazoria, Texas; New York-North New Jersey-Long Island, New

York-New Jersey-Connecticut; and Denver-Boulder-Greeley-Ft. Collins-Loveland, Colorado attained the 2008 Ozone NAAQS by July 20, 2021; and

     b.     By December 16, 2022, sign a notice of final rulemaking determining whether Nevada County (Western part), California and Ventura County, California attained the 2008 Ozone NAAQS by July 20, 2021.

2. If EPA has published in the Federal Register a redesignation for an area from nonattainment to attainment for any 2008 Ozone NAAQS nonattainment area listed above in Paragraph 1, then EPA's obligation to take the actions listed above in Paragraph 1 is automatically terminated and Plaintiffs' claim as to that designated area is moot.

3. EPA shall, within 15 business days of signature, send the rulemaking package for each action taken pursuant to Paragraph 1 of this Consent Decree to the Office of the Federal Register for review and publication in the *Federal Register*.

4. After EPA has completed the actions set forth in Paragraph 1 of this Consent Decree, after notice of each final action required by Paragraph 3 have been published in the *Federal Register*, and the issue of costs of litigation (including reasonable attorney fees) has been resolved, the above-captioned matter shall be dismissed with prejudice and this Consent Decree shall terminate.

5. The deadlines established by this Consent Decree may be extended (a) by written stipulation of Plaintiffs and EPA with notice to the Court, or (b) by the Court upon motion of EPA for good cause shown pursuant to the Federal Rules of Civil Procedure and upon consideration of any response by Plaintiffs and any reply by EPA. Any other provision of this Consent Decree also may be modified by the Court following motion of an undersigned party for good cause shown pursuant to the Federal Rules of Civil Procedure and upon consideration of any response by a non-moving party and any reply.

6. If a lapse in EPA appropriations occurs within one hundred twenty (120) days prior to a deadline in Paragraphs 1 or 3 in this Consent Decree, that deadline shall be extended automatically one day for each day of the lapse in appropriations. Nothing in this Paragraph

shall preclude EPA from seeking an additional extension of time through modification of this Consent Decree pursuant to Paragraph 5.

7. Plaintiffs and EPA agree that this Consent Decree constitutes a complete settlement of all claims as described in Paragraph 1.

8. In the event of a dispute between Plaintiffs and EPA concerning the interpretation or implementation of any aspect of this Consent Decree, the disputing party shall provide the other party with a written notice, via electronic mail or other means, outlining the nature of the dispute and requesting informal negotiations. These parties shall meet and confer in order to attempt to resolve the dispute. If these parties are unable to resolve the dispute within ten (10) business days after receipt of the notice, either party may petition the Court to resolve the dispute.

9. No motion or other proceeding seeking to enforce this Consent Decree or for contempt of Court shall be properly filed unless the procedure set forth in Paragraph 8 has been followed, and the moving party has provided the other party with written notice received at least ten (10) business days before the filing of such motion or proceeding.

10. The deadline for filing a motion for costs of litigation (including attorney fees) for activities performed prior to entry of the Consent Decree is hereby extended until ninety (90) days after this Consent Decree is entered by the Court. During this period, the Parties shall seek to resolve any claim for costs of litigation (including attorney fees), and if they cannot, Plaintiffs will file a motion for costs of litigation (including attorney fees) or a stipulation or motion to extend the deadline to file such a motion. EPA reserves the right to oppose any such request. The Court shall retain jurisdiction to resolve any requests for costs of litigation, including attorney fees.

11. This Court shall retain jurisdiction over this matter to enforce the terms of this Consent Decree and to consider any requests for costs of litigation (including attorney fees).

12. Nothing in the terms of this Consent Decree shall be construed (a) to confer upon this Court jurisdiction to review any issues that are within the exclusive jurisdiction of the United States Courts of Appeals under CAA section 307(b)(1), 42 U.S.C. § 7607(b)(1), or (b)

to waive any claims, remedies, or defenses that the parties may have under CAA section 307(b)(1), 42 U.S.C. § 7607(b)(1).

13. Nothing in this Consent Decree shall be construed to limit or modify any discretion accorded EPA by the Clean Air Act or by general principles of administrative law in taking the actions which are the subject of this Consent Decree, including the discretion to alter, amend, or revise any final actions promulgated pursuant to this Consent Decree. EPA's obligation to perform each action specified in this Consent Decree does not constitute a limitation or modification of EPA's discretion within the meaning of this paragraph.

14. Except as expressly provided herein, nothing in this Consent Decree shall be construed as an admission of any issue of fact or law nor to waive or limit any claim, remedy, or defense, on any grounds, related to any final action EPA takes with respect to the actions addressed in this Consent Decree.

15. Plaintiffs reserve the right to seek additional costs of litigation (including reasonable attorney fees) incurred subsequent to entry of this Consent Decree. EPA reserves the right to oppose any such request for additional costs of litigation (including attorney fees).

16. It is hereby expressly understood and agreed that this Consent Decree was jointly drafted by Plaintiffs and EPA. Accordingly, the parties hereby agree that any and all rules of construction to the effect that ambiguity is construed against the drafting party shall be inapplicable in any dispute concerning the terms, meaning, or interpretation of this Consent Decree.

17. The parties agree and acknowledge that before this Consent Decree can be finalized and entered by the Court, EPA must provide notice of this Consent Decree in the *Federal Register* and an opportunity for public comment pursuant to CAA section 113(g), 42 U.S.C. § 7413(g). After this Consent Decree has undergone notice and comment, the Administrator and/or the Attorney General, as appropriate, shall promptly consider any written comments in determining whether to withdraw or withhold their consent to the Consent Decree, in accordance with CAA section 113(g). If the Administrator and/or the Attorney General do not

elect to withdraw or withhold consent, EPA shall promptly file a motion that requests that the

Court enter this Consent Decree.

18. Any notices required or provided for by this Consent Decree shall be in writing, via

electronic mail, and sent to the following (or to any new address of counsel as filed and listed

in the docket of the above-captioned matter, at a future date):

| For Plaintiffs: | Robert Ukeiley |
| | Center for Biological Diversity |
| | 1536 Wynkoop St., Ste. 421 |
| | Denver, CO 80202 |
| | Tel: (720) 496-8568 |
| | Email: rukeiley@biologicaldiversity.org |

| For Defendant EPA: | Jeffrey Hughes |
| | U.S. Department of Justice |
| | Environmental Defense Section |
| | P.O. Box 7611 |
| | Washington, D.C. 20044 |
| | Tel: (202) 532-3080 |
| | Email: jeffrey.hughes@usdoj.gov |

20. EPA and Plaintiffs recognize and acknowledge that the obligations imposed upon

EPA under this Consent Decree can only be undertaken using appropriated funds legally

available for such purpose. No provision of this Consent Decree shall be interpreted as or

constitute a commitment or requirement that the United States obligate or pay funds in

contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable provision

of law.

21. If for any reason the Court should decline to approve this Consent Decree in the

form presented, this agreement is voidable at the sole discretion of either party and the terms of

the proposed Consent Decree may not be used as evidence in any litigation between the parties.

22. The undersigned representatives of Plaintiffs and Defendant EPA certify that they

are fully authorized by the party or parties they represent to consent to the Court's entry of the

terms and conditions of this Decree.

1   IT IS SO ORDERED on this _____ day of _____, 2022.

2

3                                                    _____

4                                                    WILLIAM H. ORRICK
                                                     UNITED STATES DISTRICT JUDGE
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    COUNSEL FOR PLAINTIFFS:

2

3                              */s/ Ryan Maher*
                              _____
4                             Robert Ukeiley (*Pro Hac Vice*)
                              Center for Biological Diversity
5                             1536 Wynkoop St., Ste. 421
                              Denver, CO 80202
6                             Tel: (720) 496-8568
                              Email: rukeiley@biologicaldiversity.org
7

8                             Ryan Maher (*Pro Hac Vice*)
                              Center for Biological Diversity
9                             1411 K Street NW, Suite 1300
                              Washington, D.C. 20005
10                            Tel: (781) 325-6303
                              Email: rmaher@biologicaldiversity.org
11

12                            Hollin N. Kretzmann
                              Center for Biological Diversity
13                            1212 Broadway
                              Suite 800
14                            Oakland, CA 94612
                              Tel: (510) 844-7118
15                            Email: hkretzmann@gmail.com

16

17                            *Attorneys for Plaintiffs*

18

19

20

21

22

23

24

25

26

27

28

COUNSEL FOR DEFENDANT:

/s/ Jeffrey Hughes

Jeffrey Hughes (N.Y. Bar No. 5367214)
United States Department of Justice
Environment & Natural Resources Division
P.O. Box 7611
Washington, D.C. 20044
Tel: (202) 532-3080
Email: jeffrey.hughes@usdoj.gov

*Attorney for Defendant*